| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL ESPECIAL | | |
| IVÁN JORGE MÉNDEZ QUINTERO<br><br>Peticionario<br><br>Vs.<br><br>DEBANHI CANTU RODRÍGUEZ<br><br>Recurrido | KLCE202500324 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Aguadilla<br><br>Sobre: Custodia – Monoparental o compartida<br><br>Caso Núm.: AG2024RF00791 |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero, el Juez Campos Pérez y el Juez Sánchez Báez.

Rodríguez Casillas, juez ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 29 de mayo de 2025.

Comparece ante nos el Sr. Iván Jorge Méndez Quintero ("señor Méndez Quintero o peticionario"), para que revisemos la *Resolución Interlocutoria* dictada y notificada el 27 de febrero de 2025, por el Tribunal de Primera Instancia, Sala Superior de Aguadilla ("TPI"). La cual, declaró *Ha Lugar* la solicitud de custodia provisional presentada por la Sra. Debanhi Cantú Rodríguez ("señora Cantú Rodríguez o recurrida"). Además, el TPI expresó que *"[a]nte la existencia de la orden de protección vigente en el estado de Texas y las determinaciones tomadas en el mismo, se mantiene la custodia provisional del menor con la demandada en el estado de Texas"*. Por último, desestimó la solicitud de desestimación por falta de jurisdicción.

El **6 de marzo de 2025**, el señor Méndez Quintero presentó ante el TPI *"Moción solicitando este tribunal ejerza jurisdicción deje sin efecto resolución interlocutoria ordene el regreso del menor a la jurisdicción de Puerto Rico"*, en el cual solicitó la reconsideración de

la resolución dictada. No obstante, el **7 de marzo de 2025** fue declarada *No Ha Lugar*.[1]

Evaluada la totalidad del expediente, **denegamos** la expedición del auto de *certiorari* solicitado.

**-I-**

Surge del expediente que las partes sostuvieron una relación de convivencia, de la cual nació un niño I.A.M.C. ("menor" o "IAMC"), el 31 de marzo de 2020 en el estado de Texas de EEUU.[2] Desde el **6 de julio de 2022**, las partes establecieron su residencia en Isabela, Puerto Rico. Ambos progenitores ejercían la patria potestad y custodia física de IAMC hasta el **14 de noviembre de 2024**, en que la madre se regresó al estado de Texas junto al menor.

Luego de varios incidentes, el **27 de noviembre de 2024** el señor Méndez Quintero instó una *Demanda —AG2024RF00791—* sobre custodia.[3] En síntesis, solicitó que se le otorgara la custodia del menor y se ordenara el traslado inmediato a Puerto Rico.

Sin someterse a la jurisdicción, el **9 de enero de 2025**, la señora Cantú Rodríguez por conducto de la Lcda. Rosarito Sepúlveda Ruiz presentó una moción asumiendo la representación legal y solicitando prórroga.[4] En resumen, adujo que la señora Cantú Rodríguez se encontraba residiendo en el estado de Texas con el menor; y que el Tribunal de ese estado, había emitido un dictamen que estaba pendiente de resolver con relación a este caso, por lo cual entendía que el TPI no tenía jurisdicción para atender el asunto.

**En igual fecha**, el TPI aceptó la representación legal y le concedió un término para presentar sus alegaciones.[5]

---

[1] La *Notificación Enmendada* fue emitida el **20 de marzo de 2025**.
[2] Anejo 12 del *Certiorari*, pág. 45.
[3] Anejo 12 del *Certiorari*, págs. 44 – 48.
[4] Anejo 14 del *Certiorari*, pág. 55.
[5] Anejo 11 del del *Alegato en Oposición al Recurso de Certiorari*, pág. 17.

El **28 de enero de 2025**, la señora Cantú Rodríguez presentó *"Moción de Desestimación"*.[6] Entre sus alegaciones, reiteró que residía junto al menor en el estado de Texas desde el 15 de noviembre 2024 y que en el caso *F4802-24-7* el Tribunal de Texas le había concedido la custodia y prohibió la salida del menor de ese estado. Por lo cual, solicitó la desestimación de la acción instada por el peticionario por falta de jurisdicción para atender el asunto.

En cumplimiento de orden,[7] el señor Méndez Quintero se opuso a la desestimación el **6 de febrero de 2025**.[8] En esencia, alegó que era improcedente la desestimación toda vez que era falso que el Tribunal de Texas hubiera asumido la jurisdicción pues precisamente esa era controversia sería discutida en la vista del 20 de febrero de 2025. Arguyó, además, que el campo no estaba ocupado por la jurisdicción de Texas, y que el *"home state"* del menor era Puerto Rico.

Mediante *Resolución Interlocutoria* del **11 de febrero de 2025**,[9] el TPI señaló que:

> *ANTE LA CITACIÓN DE AMBAS PARTES A VISTA ANTE LA CORTE DE TEXAS, ESTE TRIBUNAL RESUELVE ENTRETENER LA MOCIÓN DE DESESTIMACIÓN PRESENTADA. LAS PARTES INFORMARÁN A ESTE TRIBUNAL EL RESULTADO DE LA VISTA DEL 20 DE FEBRERO DE 2025.*[10]

El **25 de febrero de 2025**, el señor Méndez Quintero presentó una *"MOCION SOLICITANDO TRIBUNAL EJERZA SU JURISDICCION Y ORDENE EL TRASLADO DEL MENOR A LA JURISDICCION DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO"*.[11] Informó que el Tribunal de Texas en el caso *F-4802-24-7,* dictó una orden declinando la jurisdicción sobre el menor, ya que determinó que el estado de residencia *"home state"* del menor era Puerto Rico. Añadió

---

[6] Anejo 12 del *Alegato en Oposición al Recurso de Certiorari,* págs. 18 – 22.
[7] Anejo 16 del *Alegato en Oposición al Recurso de Certiorari,* pág. 24.
[8] Anejo 15 del *Alegato en Oposición al Recurso de Certiorari,* págs. 25 – 26.
[9] Notificada el 18 de febrero de 2025.; Anejo 15B del *Certiorari,* págs. 56 – 57.
[10] *Íd.,* pág. 57.
[11] Anejo 16 del *Certiorari,* págs. 58 – 64.

que el Tribunal de Texas dejó señalada una vista para el 3 de marzo de 2025 en espera de recibir la determinación del TPI en cuanto a los asuntos de jurisdicción y regreso del menor a Puerto Rico. En consecuencia, solicitó que se emitiera una determinación aceptando la jurisdicción, ordenando el regreso del menor a Puerto Rico y otorgándole la custodia de este.

El **26 de febrero de 2025**, la señora Cantú Rodríguez presentó una *"MOCION EN CUMPLIMIENTO DE ORDEN, EN SOLICITUD DE CUSTODIA PROVISIONAL Y OTROS".*[12] En resumen, solicitó que se le concediera la custodia provisional de IAMC, mientras se atendieran los asuntos de custodia y traslado a la jurisdicción de Puerto Rico. Arguyó que el hecho de que el Tribunal de Texas no asumiera la jurisdicción no implicaba que el menor tuviera que ser trasladado a la jurisdicción de Puerto Rico. Añadió, que el Tribunal de Texas mantuvo la prohibición de la salida del menor.

Mediante una *Resolución Interlocutoria* emitida y notificada el **27 de febrero de 2025**,[13] el TPI resolvió lo siguiente:

> *HA LUGAR. ANTE LA EXISTENCIA DE LA ORDEN DE PROTECCION VIGENTE EN EL ESTADO DE TEXAS Y LAS DETERMIANCIONES TOMADAS EN EL MISMO,* ***SE MANTIENE LA CUSTODIA PROVISIONAL DEL MENOR CON LA DEMANDADA EN EL ESTADO DE TEXAS.***
> *[…].*[14]

El **6 de marzo de 2025**, el señor Méndez Quintero presentó *"MOCIÓN SOLICITANDO ESTE TRIBUNAL EJERZA JURISDICCIÓN, DEJE SIN EFECTO RESOLUCIÓN INTERLOCUTORIA Y ORDENE EL REGRESO DEL MENOR A LA JURISDICCIÓN DE PUERTO RICO".*[15] En resumen, informó que el 3 de marzo de 2025 ambos progenitores comparecieron con sus respectivos abogados a la vista señalada en el Tribunal de Texas.[16] Señaló que dicho foro determinó nuevamente

---

[12] Anejo 18 del *Certiorari*, págs. 65 – 70.
[13] Anejo 1 del *Certiorari*, págs. 1 – 2.
[14] *Íd.*, pág. 2.
[15] Anejo 2 del *Certiorari*, págs. 3 – 4.
[16] Véase; Anejo 19 del *Certiorari*, págs. 71 – 75.

que el estado de residencia del menor es Puerto Rico y que no existían órdenes de restricción ni de protección vigentes en contra de ninguna de las partes que requirieran que el Tribunal ejerciera su jurisdicción temporera. En consecuencia, solicitó la reconsideración de la resolución dictada el 27 de febrero de 2025 y el traslado del menor a Puerto Rico. Además, solicitó que se señalara una vista para atender la custodia del menor, y mientras se dilucidaba el asunto, se le concediera la custodia provisional de IAMC.

Mediante *Orden* emitida el **7 de marzo de 2025**,[17] el TPI declaró *NO HA LUGAR* la moción presentada por el peticionario, y mantuvo la determinación de custodia provisional.[18]

Tras varios trámites procesales, el **25 de marzo de 2025** el señor Méndez Quintero presentó una moción urgente solicitando: el relevo de resolución interlocutoria del 27 de febrero de 2025 al amparo de la Regla 49.2 de Procedimiento Civil por falta de jurisdicción sobre la materia, el retorno de menor a Puerto Rico y la custodia provisional de IAMC.[19]

El **27 de marzo de 2025**, la señor Méndez Quintero sometió su oposición.[20]

Trabada ahí la controversia, el **27 de marzo de 2025** el TPI emitió *Resolución Interlocutoria*,[21] en la que declaró No Ha Lugar la solicitud de relevo. Resolvió que poseía jurisdicción sobre la materia y las partes. También, reiteró que las decisiones tomadas en el caso eran provisionales. Por lo cual, ordenó a la Unidad Social de Relaciones de Familia un estudio sobre custodia y relocalización por

---

[17] La *Notificación Enmendada* fue emitida el **20 de marzo de 2025**. Las *Notas de la Secretaría* esbozan: *"Se enmienda para notificarle a la Unidad de Relaciones".* *Véase;* Anejo 3A y B del *Certiorari*, pág. 6.
[18] Anejo 3A y B del *Certiorari*, págs. 5 – 6.
[19] Anejo 23 del *Alegato en Oposición al Recurso de Certiorari*, págs. 36 – 45.
[20] Anejo 24 del *Alegato en Oposición al Recurso de Certiorari*, págs. 46 – 52.
[21] Emitida el 27 de marzo de 2025.; Anejo 25 del *Alegato en Oposición al Recurso de Certiorari*, pág. 53.

lo que esperaba por sus recomendaciones para emitir determinaciones finales.

El **31 de marzo de 2025**, el señor Méndez Quintero recurrió ante este foro intermedio y señaló la comisión de los siguientes errores:

1. *Erró el Honorable Tribunal de Primera Instancia de Aguadilla al sostener una Resolución Interlocutoria de Custodia Provisional basada en una Orden de emergencia emitida por el Estado de Texas, cuando conocía que dicho foro determinó no tener jurisdicción sobre la materia por lo que desestimó todas las órdenes que había emitido.*

2. *Erró el Honorable Tribunal de Primera Instancia al concederle la custodia provisional del menor a la demandada, sin realizar una evaluación para garantizar el mejor bienestar del menor, sin la celebración de vista y en abierta violación al debido proceso de ley.*

3. *Erró el Honorable Tribunal de Primera Instancia al concederle la custodia provisional del menor a la madre, quien sustrajo ilegalmente al menor de la jurisdicción de Puerto Rico, en violación a los derechos de patria potestad del padre conforme establece el Artículo 594 del Código Civil de Puerto Rico de 2020.*

4. *Erró el Honorable Tribunal al conceder de facto una relocalización al otorgar la custodia provisional a la demandada recurrida quien se encuentra con el menor fuera de Puerto Rico tras haberlo trasladado sin haber notificado al peticionario-demandante, ni haber obtenido autorización de éste ni del Tribunal; y sin contar además, con un estudio social preparado por la unidad de relaciones de familia ni con un informe interagencial que le permitiera tener los elementos de juicio para tomar una determinación en protección del menor.*

5. *Erró el Honorable Tribunal al no ordenar el retorno del menor a Puerto Rico en contravención a las disposiciones de la Ley 102 de 2018.*

Por su parte, el **21 de abril de 2025** la señora Cantú Rodríguez compareció en oposición al recurso de *certiorari*.

Por lo cual, el **24 de abril de 2025** dimos por sometido el asunto para la atención del Panel.

**-II-**

El recurso de *certiorari* es un medio procesal de carácter discrecional, que a su vez, permite a un tribunal de mayor jerarquía

revisar las determinaciones de un tribunal inferior.[22] Así, se entiende por discreción como el poder para decidir en una forma u otra; esto es, para escoger entre uno o varios cursos de acción.[23]

Por ello, la Regla 52.1 de Procedimiento Civil, delimita las instancias en que habremos de atender —*vía certiorari*— las resoluciones y órdenes emitidas por los tribunales de instancia:

> *[E]l recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo.* **No obstante, y por excepción a lo dispuesto anteriormente**, *el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía,* **en casos de relaciones de familia**, *en casos que revistan interés público* **o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia**. *Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.* [...].[24]

Bajo el carácter de discrecionalidad, la Regla 40 del Reglamento de este Tribunal de Apelaciones establece los siguientes criterios para mostrar causa o para la expedición del auto de *certiorari:*

> (A) *Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
> (B) *Si la situación de hechos planteada es la más indicada para el análisis del problema.*
> (C) *Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*
> (D) *Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*
> (E) *Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*
> (F) *Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*
> (G) *Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*[25]

---

[22] *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 711 (2019).; *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337 – 338 (2012).
[23] *García v. Asociación,* 165 DPR 311, 321 (2005).
[24] Regla 52.1 de las Reglas de Procedimiento Civil 2009, 32 LPRA Ap. V., R. 52.1. Énfasis nuestro.
[25] Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.40.

Por lo tanto, el Tribunal Supremo de Puerto Rico ha dispuesto que:

> *[d]e ordinario, no se intervendrá con el ejercicio de discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial.*[26]

De manera, que si la actuación del foro recurrido no está desprovista de base razonable —ni perjudica los derechos sustanciales de las partes— deberá prevalecer el criterio del juez de instancia a quien le corresponde la dirección del proceso.[27]

**-III-**

En esencia, el peticionario señala que el TPI erró al sostener la *Resolución Interlocutoria* que otorgó la custodia provisional de IAMC a la recurrida; y no ordenó el regreso del menor a Puerto Rico en lo que se dilucida el pleito de custodia.

Aunque de forma excepcional la citada Regla 52.1 de Procedimiento Civil nos permite revisar las resoluciones interlocutorias en los casos de familia, en este caso la Resolución interlocutoria recurrida constituye una decisión dentro del claro ejercicio de discreción conferido a los tribunales de instancia y a su facultad para manejar los casos de la manera que entiendan más adecuada.

Nótese que —mientras se dilucida la custodia del menor— el TPI emitió una serie de órdenes interlocutorias, entre ellas, para que la Unidad Social de Relaciones de Familia realice un estudio sobre custodia y relocalización del menor. Además, dejó en manos de la madre la **custodia provisional** de IAMC, quien se encuentra con ella en el estado de Texas. Es decir, sin renunciar a su jurisdicción, el TPI ha ejercido su discreción emitiendo órdenes provisionales que

---

[26] *Zorniak Air Services v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992).; *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).
[27] *SLG Zapata- Rivera v. J.F. Montalvo*, 189 DPR 414, 434 – 435 (2013).

eventualmente le permitirán tomar una decisión final en este pleito de custodia.

En fin, somos del criterio que la determinación recurrida no constituye un abuso de discreción ni es una irrazonable, por lo que en el ejercicio de la discreción que nos permite la citada Regla 40 del Reglamento del Tribunal Apelaciones, resolvemos denegar la expedición del auto de *certiorari*.

**-IV-**

Por lo fundamentos antes expuestos, **denegamos** la expedición del auto de *certiorari* solicitado*.*

Lo acordó el Tribunal y certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones